ANNA GREENHOLTZ and JAMES W. GREENHOLTZ vs. WILLIAM HAEFFER.

*Invalid Mortgage from a Wife—Construction of Art. 45, sec. 11, of the Code—Power to a Wife to dispose of her Separate Property.*

In 1866, A. G., wife of J. G., executed two single bills and what purported to be a mortgage of certain real estate belonging to her as her separate estate; in the execution of which bills and paper purporting to be a mortgage her husband did not join. The only consideration of the bill was a debt contracted by the husband some time before. The appellee, an assignee of the claim against A. G., filed his bill in equity to subject the real estate to its payment, on the ground that the bills and the paper purporting to be a mortgage were evidence of a contract on her part, enforceable against her separate estate. HELD :

That the bill could not be maintained.

The only mode in which the wife can convey her real estate is in the manner directed in Art. 45, sec. 11, of the Code. To render such a conveyance valid, the husband must join in the conveyance, whether the same be absolute or by way of mortgage. Of course if the estate has been conveyed to the wife as her separate property, with a power annexed to dispose of and convey it in a particular mode, the power can be executed by her without reference to this section.

APPEAL from the Circuit Court for Carroll County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, ALVEY and IRVING, J., for the appellants, and submitted for the appellee.

*William P. Maulsby,* for the appellants.

*J. E. Smith* and *W. A. McKellip,* for the appellee.

BRENT, J., delivered the opinion of the Court.

On the 8th of September, 1866, Mrs. Anna Greenholtz, then and now the wife of James W. Greenholtz, executed to Emanuel Burns two single bills each for $450, one payable on the 1st day of September, 1868, with interest from the 1st of September, 1866, and the other payable on the 1st of September, 1869, with interest also from the 1st of September, 1866.

To secure the payment of these notes she executed to said Burns at the same time what purports to be a mortgage upon certain lots belonging to her as her separate property and lying in Manchester, Carroll County. The husband did not join in the execution of the notes or mortgage.

The weight of the testimony establishes the fact that the only consideration of these notes was a balance due by the husband for a milk route, which he, some time before, had purchased.

After assignments and re-assignments the claim against Mrs. Greenholtz finally came into the hands of the appellee, who filed his bill to subject the lots mentioned to its payment.

We do not understand that it is contended on the part of the appellee that the paper signed by Mrs. Greenholtz can be enforced as a mortgage. On the contrary the allegation in the bill of complaint is, "that whilst said paper purporting and intended to be a mortgage is not, and the said single bills are not, binding on and enforceable against the said Anna Greenholtz as such, by reason of her coverture, yet the same are evidence of a contract on her part, enforceable against said parcel of land and premises, as her separate estate in equity."

There can be no question that the only mode in which the wife can convey her real estate is in the manner directed in the 11th section of Article 45 of the Code. To render such a conveyance valid the husband must join in the conveyance, whether the same be absolute or by way of mortgage. Of course if the estate has been conveyed to the wife as her separate property, with a power annexed to dispose of and convey it in a particular mode, the power can be executed by her without reference to this section. But where the property is held by her as in this case, without any special power given by the grantor to convey, the conveyance can only be validly executed by the husband joining, and becoming a party to it with the wife.

To hold that the claim of the appellee could be enforced against the separate property of Mrs. Greenholtz, upon the ground of a contract, as set up in the bill of complaint, would present the anomaly of giving to supposed obligations, confessedly invalid and not binding upon her, the same effect that could be accomplished if they were ever so valid and binding.

This cannot be; and we see no ground upon which the bill of the appellee can be maintained.

The case of *Tiernan vs. Poor & Wife*, 1 *G. & J.*, 215, is a very different case from the present. There the husband had united with the wife in the execution of the mortgage. It contained all the apt terms and necessary parties to make valid such an instrument, and was liable to the objection only of informality in the acknowledgment by the wife. While the Court did not uphold it as a mortgage, in the legal and technical sense of that term, they treated it as evidence of a contract, which would be enforced under proceedings for a special performance.

Here the husband is no party to any contract to convey, and a special performance by the wife alone would not satisfy the requirements of the 11th section, or give to the

appellee any conveyance more valid as a mortgage than the one he now holds.

The decree below will be reversed and the bill dismissed.

*Decree reversed, and*
*bill dismissed, with costs.*

(Decided 10th March, 1880.)